**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IBRAHIM ALHAJI MUHAMMED,           :
                                   : CIVIL ACTION NO. 05-47 (MLC)
      Petitioner,                  :
                                   :     **MEMORANDUM OPINION**
      v.                           :
                                   :
UNITED STATES OF AMERICA,          :
                                   :
      Respondent.                  :
_____:

**COOPER, District Judge**

     This matter comes before the Court on two motions:  the pro
se motion of Ibrahim Alhaji Muhammed ("petitioner") to vacate,
set aside, or correct his sentence pursuant to 28 U.S.C. § 2255;
and the motion of the United States ("the government") to dismiss
petitioner's motion for failure to state a claim upon which
relief may be granted pursuant to Federal Rule of Civil Procedure
("Rule") 12(b)(6).  The underlying criminal case in this Court
was United States v. Muhammed, Crim. No. 03-411-04 (MLC), filed
May 28, 2003.  For the following reasons, issued without oral
argument, see Fed. R. Civ. P. 78, the Court will deny
petitioner's motion, and will dismiss the government's motion as
moot.[1]

_____

     [1] In addition to Muhammed's Section 2255 motion ("Pet.")
(civil dkt. no. 1), the record relevant to this petition
includes:  the indictment charging Muhammed and others (crim.
dkt. no. 18); petitioner's plea agreement ("Plea Agr.") (crim.
dkt. no. 39); his Application for Permission to Enter Plea of
Guilty (crim. dkt. no. 38); clerk's minute entry of Rule 11 plea

## BACKGROUND

Petitioner entered a plea of guilty to a charge of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846, on May 17, 2004.  He was sentenced on December 15, 2004, to a term of 70 months imprisonment and four years of supervised release.  (Jud. at 2-3.)  The term of imprisonment was based upon the Court's guideline determination that he had a total offense level of 27 and criminal history category I.  The sentence of 70 months was within the resulting guideline range of 70 to 87 months. (Sent. Tr. at 2-9, 17.)

The Judgment of Conviction was entered on December 31, 2004. Petitioner did not appeal.  On January 5, 2005, he filed this Section 2255 motion, which was timely under the one-year limitation period of 28 U.S.C. § 2244(d)(1).  This Court issued petitioner a <u>Miller</u> notice by Order filed on February 15, 2005, to which he responded on March 1, 2005, stating his intention to proceed with the petition as a Section 2255 motion as filed. Thereafter, the Court directed respondent to answer, and on October 25, 2005, respondent filed a motion in lieu of answer,

---

hearing on 5-17-04 (crim. dkt. no. 43); the presentence investigation report ("PSR"); the transcript of the sentencing hearing held on 12-14-04 ("Sen. Tr.") (crim. dkt. no. 53); the Judgment ("Jud.") (crim. dkt. no. 47); <u>Miller</u> notice and order (civil dkt. no. 2); petitioner's response to the <u>Miller</u> notice (civil dkt. no. 3); and government motion to dismiss, with attached brief (civil dkt. no. 10).

seeking dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

Under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

This Court has jurisdiction under 28 U.S.C. § 1331.  Petitioner has the burden of establishing any claim asserted in the motion. United States v. Abbott, 975 F. Supp. 703, 705 (E.D. Pa. 1997).

We read the petitioner's motion to assert a Sixth Amendment claim of ineffective assistance of counsel at sentencing, in three aspects all relating to the calculation of his offense level under the Federal Sentencing Guidelines ("USSG").  First, petitioner claims that he was eligible for "safety valve" treatment in the calculation of his total offense level, under USSG § 5C1.2 and 18 U.S.C. § 3553(f).  Second, he claims that he should have received a two-level reduction for minor role, under USSG § 3B1.2(b).  Third, he claims that he should have received a three-level reduction for acceptance of responsibility, under USSG §§ 3E1.1(a) and (b).  All of petitioner's claims lack merit, and therefore the petition must be denied.  These findings are

based upon an examination of the record, which reveals no issues

requiring an evidentiary hearing.  See United States v. McCoy,

410 F.3d 124, 131-35 (3d Cir. 2005)

1.   Safety Valve

    The record conclusively shows that petitioner did in fact

receive "safety valve" treatment, both in the calculation of his

total offense level, and in the waiver of the ten-year mandatory

minimum otherwise applicable under 21 U.S.C. § 841(b)(1)(A)(ii).

This Court so held at the sentencing hearing, stating as follows:

> COURT:  I have reviewed the information provided by the
> Government, and the Court now finds that Mr. Muhammed,
> this defendant, does receive the benefit of the safety
> valve.  That means that the mandatory minimum sentence
> in this case does not apply.  And it also means that
> his base offense level is reduced from 32 to 30, as
> shown at paragraph 68 of the [presentence] report.
> Understood?
>
> COUNSEL FOR DEFENDANT:  Yes, Your Honor.
>
> COUNSEL FOR GOVERNMENT:  Yes, Your Honor.

(Sen. Tr. at 8.)

2.   Minor Role

    The Court at sentencing found that petitioner did not have

an organizer or supervisory role in the offense, which enabled

him to qualify for the safety valve.  (Id. at 7-8; see USSG §

5C1.2(a)(4).)  However, the Court also found that he did not have

a "minor role" under the guidelines, and defense counsel did not

object to that finding.  (Sen. Tr. at 8-9.)

4

Where defense counsel fails to object to an arguably available minor role reduction, that can constitute ineffective assistance of counsel.  Jansen v. United States, 369 F.3d 237, 244 (3d Cir. 2004); United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991).  However, counsel is not ineffective for failing to raise every conceivable argument at sentencing, regardless of lack of merit.  In order to obtain relief on this ground a petitioner must demonstrate that (1) his attorney did not provide reasonably effective assistance, and (2) but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different, i.e., the Court would have imposed a lower sentence, or petitioner would not have pled guilty.  Glover v. United States, 531 U.S. 198, 202-04 (2001); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984).

Here, the record conclusively establishes that in order to qualify for the safety valve criteria of having truthfully admitted the offense conduct, petitioner admitted having conducted a wide range of activities in connection with the charged conspiracy, including acting as a drug and money courier and an investor in cocaine smuggling trips in total quantities greater than 5 kilograms.  (Sen. Tr. at 3-7.)  These undisputed facts would clearly render him ineligible for a minor role adjustment under USSG § 3B1.2(b).

We hold that petitioner has not satisfied either prong of the Strickland test for ineffective assistance of counsel with respect to his "minor role" claim.  First, we find that defense counsel's performance was not deficient for failing to raise an argument that found no support in the facts of record.  Second, even if defense counsel had raised that argument, we find that petitioner cannot demonstrate "prejudice," because there is no likelihood that a reasonable sentencing court would have afforded him the minor role adjustment.  In other words, even if counsel had raised an argument for the two-level deduction based on minor role, we find that the result of the sentencing would not have been different.

3.   Credit for Acceptance of Responsibility

Petitioner also claims that he should have received a three-level reduction for acceptance of responsibility under USSG §§ 3E1.1(a) and (b).  This claim is patently frivolous, because the record conclusively shows that he did receive that reduction in the calculation of his total offense level.  This Court so held at the sentencing hearing, stating as follows:

> COURT:  Now, the Government has also, at this point, acknowledged that Mr. Muhammed has accepted responsibility within the meaning of the guidelines, correct?
>
> COUNSEL FOR GOVERNMENT:  That is correct, Your Honor.
>
> COURT:  So, the next few paragraphs of the presentence report are correct, and I do hereby adopt them, which produces a total offense level of 27, because 30 minus three

points for acceptance of responsibility totals 27.

(Sen. Tr. at 8-9.)   Accordingly, we hold that petitioner has not

met his burden of showing a violation of his Sixth Amendment

right to effective assistance of counsel on this claim.

## CONCLUSION

Petitioner seeks relief pursuant to 28 U.S.C. § 2255, and

the government moves to dismiss petitioner's motion.

Petitioner's motion will be denied for the reasons stated herein.

The Court having thus adjudicated the petition on the merits, we

will dismiss the government's Rule 12(b)(6) motion as moot.

No certificate of appealability will issue pursuant to 28

U.S.C. § 2253(c).   Cf. Fed.R.App.P. 22; Local App.R. 22.2.   A

certificate of appealability is issued "only if the applicant has

made a substantial showing of the denial of a constitutional

right."   28 U.S.C. § 2253(c)(2); United States v. Cepero, 224

F.3d 256, 267-68 (3d Cir. 2000).   For the reasons discussed

above, the petition does not make such a showing here.

An appropriate Order and Judgment will accompany this

Memorandum Opinion.

                                        s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge